| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

**KENNETH TARALDSEN,**           )
                                 )
     **Plaintiff,**              )
                                 )   CIV 08-01855 PHX FJM MEA
     **vs.**                     )
                                 )   REPORT AND RECOMMENDATION
**ALEXIS J. CAMBEROS,**          )   FOR DISMISSAL WITHOUT PREJUDICE
**JOE ARPAIO,**                  )
                                 )
     **Defendants.**             )
_____)

**TO THE HONORABLE FREDERICK J. MARTONE:**

       Plaintiff filed his complaint on October 8, 2008.  On October 27, 2008, the Court ordered Plaintiff to complete and return a service packet for Defendant to the Court by November 17, 2008.  That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

       Plaintiff was further warned that his failure to acquire a waiver of service from Defendants or to complete service of process on Defendants within 120 days of the date the complaint was filed, that is, by February 4, 2009, would result in the dismissal of the complaint pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), of the United States District Court for the District of Arizona Local Rules of

Civil Procedure. The civil docket in this matter indicates that Plaintiff has failed to return service packets to the Court, or acquire a waiver of service from Defendants or to complete service of process on Defendants.

On February 6, 2009, the Court allowed Plaintiff until February 27, 2009, to show cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's order of October 27, 2008, and Plaintiff's failure to effect service of process on Defendants as required by the Court's order of October 27, 2008, and Rule 4, Federal Rules of Civil Procedure. However, the Order to Show Cause sent to Plaintiff at his last known address was returned as undeliverable.

Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona requires prisoner-litigants to comply with instructions attached to the Court-approved complaint form for use in section 1983 actions. Those instructions provide: "You must immediately notify the clerk ... in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case."

Plaintiff has a general duty to prosecute this case. Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised

of any changes in his mailing address." <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. <u>Id.</u> at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser

sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court concludes that a dismissal with prejudice would be unnecessarily harsh.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 41(b) and Rule 4(m), Federal Rules of Civil Procedure, this action be dismissed without prejudice.

DATED this 2nd day of March, 2009.

_____
Mark E. Aspey
United States Magistrate Judge

-4-